United States District Court

Eastern District of Louisiana

Bienaime

v.                                           CIVIL ACTION NO. 2:00-cv-00284
                                                                    G(3)
Kitzman


The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

(1) A list of all parties still remaining in this action;

(2) Copies of all pleadings, including answers, filed by those parties in state court; and

(3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, January 31, 2000.

By Direction of the Court

LORETTA G. WHYTE, CLERK



FILED
U.S. DISTRICT COURT
[...] [...] LA

2000 JAN 28  P 2: 42

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RYDELL BIENAIME | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0284 |
| CAROLYN KITZMAN, MONTGOMERY KONE, INC., WILLIAM J. CRISLER, JR., DEGAULLE MANOR, LTD., D/B/A LIVE OAKS APARTMENTS, AND ZURICH AMERICAN INSURANCE COMPANY | * * * * | SECTION: <br> MAGISTRATE: **SECT G MAG 3** |
| * * * * * * * | | |

### NOTICE OF REMOVAL

TO:   United States District Court
      Eastern District of Louisiana

KONE, Inc. (formerly known as, and here incorrectly identified as Montgomery Kone, Inc.) defendant in the above-captioned suit filed by Rydell Bienaime, now pending in the Civil District Court, Parish of Orleans, State of Louisiana, Civil Action Number No. 99-19398 files this Notice of Removal of this suit from the Civil District Court for the Parish of Orleans, to the United States District Court for the Eastern District of Louisiana.

1.

Plaintiff filed this suit in Civil District Court for the Orleans Parish on December 1, 1999.



2.

KONE, Inc.'s first notice of this suit occurred January 7, 2000 when it was served with a copy of the Petition. Thirty (30) days have not passed since defendant's receipt of these papers nor since its first notice of existence and pendency of this action.

3.

Plaintiff alleges that Montgomery Kone (i.e. KONE, Inc.) is a foreign corporation, and KONE, Inc. is in fact a Delaware corporation with its corporate headquarters and principal place of business in Illinois. Plaintiff correctly alleges that defendant Crisler is a citizen of Mississippi; and correctly alleges that defendant DeGaulle Manor, Ltd. is a Mississippi partnership.

4.

Plaintiff alleges that defendant Zurich American Insurance Company is a foreign or domestic insurer. Defendant Zurich American Insurance Company is a foreign insurer with its corporate headquarters and principal place of business in Schaumburg, Illinois. Zurich American Insurance Company has been sued in its capacity as the alleged liability insurer of defendant DeGaulle Manor, Ltd. Pursuant to 28 U.S.C. @ 1332(c)(1), a liability insurer acquires the citizenship of the insured in actions by an injured plaintiff directly against the insurer of the tortfeasor. In this case the citizenship of the insured(s) is Mississippi.

5.

The action is one of a civil nature, and arises out of an accident occurring October 28, 1999, in which plaintiff's minor child, Kevin Joseph Mosley, allegedly died while using or in the vicinity of an elevator manufactured by KONE, Inc. in a building owned, operated and/or insured by other defendants.

6.

As evidenced by the signature of their counsel, defendants Crisler and DeGaulle Manor, Ltd. have consented to the removal of this case from state to federal court. Defendant Crisler was served with this lawsuit on or about December 31, 1999, and defendant DeGaulle Manor, Ltd. has not yet been served with this lawsuit. Defendant Zurich American has not yet been served with this lawsuit and therefore its express consent to this removal is not required. Thus, this Notice of Removal is timely pursuant to 28 U.S.C. §1446.

7.

Defendant KONE, Inc. avers that defendant Carolyn Kitzman, an alleged resident of Orleans Parish, has been fraudulently joined (as that term of art is utilized in the jurisprudence) to improperly defeat federal jurisdiction, because the Petition does not state a colorable claim against her in an individual capacity. Defendant also notes that defendant Kitzman has not been served with this lawsuit. Therefore, the requisite diversity between plaintiff and defendant, as required by 28 U.S.C. 1332, has been satisfied.

8.

While Louisiana law does not permit plaintiffs to state the amount of their demand in a tort suit such as this, the matter in dispute involves an amount in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00) exclusive of interest and costs, because it is alleged that defendants are liable for the wrongful death of petitioner's son, and also entitling Mr. Bienaime to damages for his alleged loss of companionship, affection, service and society.

9.

This matter is removable pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1441 (c).

Respectfully submitted,

_____
ERIC SHUMAN (2107)
MCGLINCHEY STAFFORD
(A Professional Limited Liability Company)
643 Magazine Street
New Orleans, LA 70130
Telephone: (504) 586-1200
ATTORNEYS for KONE, INC.

Consenting to Removal

_____
Gregory C. Weiss, #14488
Terese M. Bennett #19250
Weiss & Eason, L.L.P.
1515 Poydras Suite 1100
New Orleans, LA 70112
(504)528-9192
ATTORNEYS FOR WILLIAM J. CRISLER, JR.
and DEGAULLE MANOR, LTD.