

MINUTE ENTRY
SEAR, JUDGE
April 14, 2000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RYDELL BIENAIME | * | CIVIL ACTION |
| VERSUS | * | NO. 00-284 C/W<br>00-473 |
| CAROLYN KITZMAN, ET AL | * | SECTION "G" |

MEMORANDUM AND ORDER

Plaintiffs in these consolidated actions seek damages from defendants for the death of their son as a result of an incident in defendants' elevator shaft at DeGaulle Manor, Ltd. d/b/a Live Oak Apartments ("DeGaulle"). Both actions were originally filed in Civil District Court for the Parish of Orleans and were removed to this court based on diversity of citizenship jurisdiction. In the action filed by Rydell Bienaime, Carolyn Kitzman, manager of the apartment complex, was named in the original action. In the action filed by Tara Mosley, Ms. Kitzman recently was added to the action by amended complaint, which, on plaintiff's motion, was allowed by Magistrate Judge Africk.

1

APR 18 2000

DATE OF ENTRY

Plaintiffs move to remand these consolidated actions to state court on grounds that Carolyn Kitzman is a citizen of the State of Louisiana and therefore there is an absence of complete diversity of citizenship between defendants and plaintiffs, who also are Louisiana citizens.

Defendants oppose remand on grounds that the joinder of Ms. Kitzman in the <u>Bienaime</u> action was fraudulent and that the amendment of the <u>Mosley</u> petition should have been disallowed under the analysis set forth in <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179 (5th Cir. 1987).

The motion to amend the Mosley petition was decided by Magistrate Judge Africk on April 12, 2000. I have reviewed the analysis in Judge Africk's memorandum order permitting the amendment of the complaint, and find it sound. The analysis set forth in the April 12 memorandum and order disposes of the fraudulent joinder and <u>Hensgens</u> arguments, to the extent that it finds, inter alia, that plaintiffs have a potentially viable claim against Ms. Kitzman. The presence of Ms. Kitzman as a defendant in the action defeats the requirement of complete diversity of citizenship and the actions, therefore, must be remanded.

Plaintiffs, in connection with their motions to remand, have requested sanctions and/or attorney fees against defendants. I find no basis for imposing sanctions or awarding fees in these actions.

Accordingly,

IT IS ORDERED that plaintiffs' motions to remand ARE GRANTED and that these actions SHALL BE REMANDED to the Civil District Court for the Parish of Orleans.

IT IS FURTHER ORDERED that plaintiffs' motion for sanctions and/or attorney fees in connection with the motions to remand IS DENIED.

_____
MOREY L. SEAR
U.S. DISTRICT JUDGE