MINUTE ENTRY
SEAR, J.
May 16, 2000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RYDELL BIENAIME         *        CIVIL ACTION

VERSUS                  *        NO. 00-284 C/W
                                 00-473

CAROLYN KITZMAN, ET AL  *        SECTION "G"

MEMORANDUM AND ORDER

Presently before me is defendant KONE, Inc.'s Motion for a New Trial for Motion to Remand, essentially seeking reconsideration of my Order of April 14, 2000 remanding these consolidated actions to state court.

Review by way of reconsideration or direct appeal of remand orders -- even erroneous ones -- is made unavailable by 28 U.S.C. § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[1]

The Supreme Court has limited the applicability of §1447(d) to those remand orders that are based on §1447(c), which section requires the district court to remand if it lacks subject matter

---

[1] 28 U.S.C. §1446(d) (emphasis added); Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 345-52, 96 S.Ct. 584 (1976).

DATE OF ENTRY  MAY 17 2000

jurisdiction or if the removal was defective.[2] The Fifth Circuit has construed this to mean that §1447(d) precludes review, appellate or otherwise, of remands that are based on lack of subject matter jurisdiction or a defect in removal, though it does not preclude review of remands on other grounds.[3]

Here, it is beyond question that the basis on which I remanded the actions was a lack of subject matter jurisdiction. I was divested of subject matter jurisdiction upon issuing the remand order and, pursuant to 28 U.S.C. §1447(d), I now lack jurisdiction to review my remand order.

For this reason, KONE's motion to alter or amend the remand order must be denied.

Accordingly,

IT IS ORDERED that KONE's motion for new trial for motion to remand IS DENIED for lack of subject matter jurisdiction to review the remand order.

IT IS FURTHER ORDERED that all other pending motions are moot.

_____
MOREY L. SEAR
U.S. DISTRICT JUDGE

---

[2] See 28 U.S.C. §1447(c); Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S.Ct. 494 (1995).

[3] See Albarado v. Southern Pacific Transp. Co., 1999 WL 1267376 (5th Cir. 1999)(citations omitted); see also, e.g., Angelides v. Baylor College of Med., 117 F.3d 833, 835-36 (5th Cir. 1997); Soley v. First Nat'l Bank of Commerce, 923 F.2d 406, 407-08 (5th Cir. 1991).